UNITED STATES of America,
Plaintiff—Appellee,

v.

Rafael MENDOZA–LOPEZ, aka David
Emendiola et al., Defendant—
Appellant.

No. 02–50583.
D.C. No. CR–01–00100–VAP–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Dec. 8, 2003.

Nancy B. Spiegel, Ronald L. Cheng, Fred A. Rowley, Jr., USLA–Office of the U.S. Attorney, Los Angeles, CA, Harry H. Rimm, USR–U.S. Attorney's Office Riverside, Riverside, CA, for Plaintiff–Appellee.

Rafael Mendoza–Lopez, pro se, Jerald L. Brainin, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant Rafael Mendoza–Lopez appeals from his sentence, following a guilty plea, for transporting illegal aliens, assaulting a federal officer with a dangerous weapon, and being an illegal alien found in the United States after a prior deportation and conviction. We affirm.

■ 1. Defendant first argues that the district court erred by imposing a six-level enhancement under U.S.S.G. § 2L1.1(b)(4) because the court did not find that Defendant intended to use his car as a weapon to harm Officer Shine. Assuming, without deciding, that intent is required, Defendant cannot prevail because he admitted to the requisite intent.

In the plea agreement, Defendant expressly stipulated to the enhancement for "Dangerous Weapon Used" under U.S.S.G. § 2A2.2(b)(2)(B) as being an "applicable" factor. Defendant's argument is that the § 2L1.1(b)(4) enhancement should be construed as identical to the § 2A2.2(b)(2)(B) enhancement with respect to the intent element. Even if he were correct, his agreement that the latter applies necessarily means that the intent element of the former is met.

■ 2. Defendant next argues that the court erred by imposing adjustments under both § 3C1.2 and § 3A1.2(a). The

district court explained that the latter enhancement related to the assault itself and the victim's status as a government officer, while the former enhancement related to the high-speed chase that occurred after the assault, while Defendant was fleeing from the border checkpoint. These enhancements do not relate to the same conduct and therefore do not constitute impermissible double counting. *See United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir.1995) (defining impermissible double counting).

■ 3. Finally, Defendant argues that the Commentary to § 2L1.1(b)(5) precludes the district court's application of an enhancement under § 3C1.2. The court applied an enhancement under § 2L1.1(b)(5) because Defendant hid three aliens in the trunk of his car, thereby creating a substantial risk of death or serious bodily injury to them. *See* U.S.S.G. § 2L1.1, cmt. n. 6. The same application note states that, "[i]f subsection (b)(5) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from § 3C1.2." *Id.* Here, however, the district court did not apply subsection (b)(5) "solely," or even partly, on the basis of conduct related to fleeing from a law enforcement officer. Defendant's endangerment of the aliens he kept in the trunk of his car was distinct from his endangerment of the public by leading law enforcement officers on a high-speed chase on a public highway.

AFFIRMED.

BETTY B. FLETCHER, Circuit Judge, concurring.

I concur in the majority's disposition but not in the first section of its analysis.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In his plea agreement with the government, Mendoza–Lopez agreed that the sentencing enhancement provision in U.S.S.G. § 2A2.2(b)(2)(B) could be applied with respect to his assault crime. Although Federal Rule of Criminal Procedure 11(c)(1)(C) provides that stipulations regarding sentencing provisions are binding once a plea agreement is accepted by the district court, the plea agreement in this case did not refer to the sentencing enhancement provision in U.S.S.G. § 2L1.1(b)(4)(B) and therefore did not require the district court to impose that enhancement. *See United States v. Franco–Lopez,* 312 F.3d 984, 989 (9th Cir.2002) ("The courts enforce the literal terms of the plea agreement, but construe ambiguities in favor of the defendant, ordinarily placing on the government responsibility for any lack of clarity.") (internal quotation marks and citations omitted).

The majority interprets Mendoza–Lopez's stipulation to the § 2A2.2(b)(2)(B) enhancement as a factual admission of intent to injure, but reliance on such an implied factual stipulation is inappropriate for several reasons. First, factual stipulations in a plea agreement are not binding on the district court, which has an independent obligation to determine the facts relevant to sentencing. *See* U.S.S.G. § 6B1.4(d) (Policy Statement) ("The court is not bound by the [factual] stipulation [in a plea agreement], but may with the aid of the presentence report, determine the facts relevant to sentencing."); U.S.S.G. § 6B1.4, Commentary ("Even though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence."). Second, factual stipulations intended to support a sentencing determination should "set forth with meaningful specificity the reasons why the sentencing range resulting from the proposed agreement is appropriate." U.S.S.G. § 6B1.4(a)(3). Mendoza–Lopez's plea agreement included no meaningfully specific stipulation regarding intent. Third, the majority's interpretation is not supported by the factual recitations actually included in the plea agreement. Both at his change of plea hearing and in the plea agreement, Mendoza–Lopez admitted only that he accelerated his car "to evade and flee the [I–15 immigration] checkpoint," not that he accelerated in order to injure Officer Shine.

Finally, by the time of his sentencing hearing, Mendoza–Lopez had made it clear in his sentencing memorandum that he did not act with the requisite intent to injure. *See United States v. Dayea,* 32 F.3d 1377, 1380 (9th Cir.1994) (interpreting dangerous weapon enhancement in U.S.S.G. § 2A2.2(b)(2)(B) as requiring intent to injure). Mendoza–Lopez's lawyer repeated this argument at sentencing, and Mendoza–Lopez himself told the district court that "[i]t was not [his] intention to harm anyone." Once the parties' factual disagreement regarding intent was clear, Federal Rule of Criminal Procedure 32(i)(3)(B) required the district court to make a specific finding resolving the dispute. *See United States v. Carter,* 219 F.3d 863, 867 (9th Cir.2000) ("For each disputed fact upon which the district court intends to rely in imposing the sentence, the district court must make an explicit factual finding that resolves the dispute.") (vacating sentence and remanding for re-sentencing because district court imposed enhancement without explicitly resolving disputed factual issues). In this case the district court acknowledged the parties' dispute but, as Mendoza–Lopez points out in his brief, failed to resolve the dispute on the record.

For these reasons I do not concur in the majority's analysis with respect the six-level enhancement imposed under U.S.S.G.

§ 2L1.1(b)(4)(B). Nonetheless, I concur in the majority's disposition because the other sentencing provisions applicable in this case and the district court judge's statements at sentencing make it clear to me that the district court could and would impose the same sentence if this case were remanded.